Points Decided.

(December 24, 1914.)

## H. O. FRAZIER, Plaintiff, v. F. W. HASTINGS et al., Defendants.

[144 Pac. 1122.]

1. Under the provisions of sec. 10 of an act of the legislature to create and organize the county of Gooding, and for other purposes (Sess. Laws 1913, p. 13), the county commissioners of Gooding county should make provision for the payment of the bonded indebtedness apportioned to it by levy and taxation at the times fixed by law for so doing, and in the same manner that the commissioners of Lincoln county could or should have done had Gooding county not been created.

2. Under the provisions of said section, the legislative intent was to give the same power and authority to the commissioners of Gooding county in dealing with said bonded indebtedness that the county commissioners of Lincoln county had prior to the creation of Gooding county.

3. Under the provisions of sec. 1960, Rev. Codes, the board of county commissioners of Lincoln county was authorized to issue negotiable coupon bonds of their county for the purpose of paying, redeeming, funding or refunding the outstanding indebtedness of the county, and after said Lincoln county debt had been apportioned to Gooding county, the board of commissioners had full authority to issue funding or refunding bonds in payment of said apportioned indebtedness.

4. *Held*, that the plaintiff is not entitled to a writ of injunction to restrain the county commissioners from issuing and selling such funding or refunding bonds.

Original application to this court for a writ of injunction to prohibit the board of county commissioners of Gooding county from issuing and selling certain county bonds for the funding or refunding of that portion of the indebtedness of Lincoln county which was apportioned to Gooding county on the creation of the latter county. Writ denied.

W. G. Bissell, for Plaintiff.

P. T. Sutphen, County Attorney of Gooding County, for Defendants.

Counsel cite no authorities.

SULLIVAN, C. J.—This is an original application by the plaintiff, who is a citizen, resident and taxpayer of the county of Gooding, for a writ of injunction to restrain the board of county commissioners of said county from selling or disposing of county bonds in the sum of $10,000, issued for the purpose of funding a portion of the bonded indebtedness of the county of Lincoln which was apportioned to Gooding county at the time of its creation out of a portion of the territory of Lincoln county. On the filing of the petition or complaint, said board of county commissioners in writing waived the issuance of service of a citation in this matter, and expressly waived the provisions of the statute relative to the giving of a bond by the plaintiff, and asked leave to file an answer *instanter,* which they did, admitting the principal allegations of the complaint but denying that they as a board were about to issue said bonds without any warrant or authority of law, and averred that said bonds were regularly and legally issued in accordance with the provisions of the statutes of the state of Idaho in such cases made and provided.

In the act creating the county of Gooding out of a portion of Lincoln county (Sess. Laws 1913, p. 13), it is provided by sec. 10 thereof as follows:

"The county commissioners of Gooding county shall make provision for the payment of the bonded indebtedness apportioned to it, by levy and taxation at the times fixed by law for so doing, and in the same manner as the county commissioners of Lincoln county could or should have done had Gooding county not have been created. . . . . "

That section clearly contemplates that the county commissioners of Gooding county should make provision for the payment of its proportion of bonded indebtedness in the same manner as the county commissioners of Lincoln county could or should have done had Gooding county not been created. The legislature meant to give the county commissioners of Gooding county all the power and authority in dealing with its proportion of said bonded indebtedness that the county commissioners of Lincoln county would have had had Good-

ing county not been created. Then, how could the county commissioners of Lincoln county have provided for said bonded indebtedness? They might do so by levy and taxation at the time fixed by law for that purpose, or they might have provided for it as contemplated by sec. 1960 of the Rev. Codes, which is as follows:

"The board of county commissioners of any county in this state, may issue negotiable coupon bonds of their county for the purpose of paying, redeeming, funding or refunding the outstanding indebtedness of the county, as hereinafter provided, whether the indebtedness exists as warrant indebtedness, or bonded indebtedness. . . . . "

Said section 1960 was amended by an act approved February 25, 1913 (Sess. Laws 1913, p. 132), but the only change made by said amendment provided that the bonds referred to might be redeemed at any time after five years instead of after ten years, as formerly provided, which amendment did not have an emergency clause, hence did not go into effect until sixty days after the adjournment of the session, while the act creating Gooding county contained an emergency clause and went into effect the date of its approval, January 30, 1913.

It was the intention of the legislature in the act creating Gooding county to place it upon a parity with other counties of the state in regard to its indebtedness, whether it be indebtedness created by said county or indebtedness assumed as its proportionate part of the indebtedness of the mother county.

We therefore hold that the county commissioners have authority under the law to issue the bonds referred to and to sell and transfer them for the purpose of taking up and paying said bonded indebtedness apportioned to Gooding county.

The writ of injunction is denied.

Budge and Truitt, JJ., concur.